**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER NALLY, et al.** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 23-1144** |
| : | |
| **NEW JERSEY MANUFACTURERS** : | |
| **INSURANCE COMPANY** : | |

**McHUGH, J.**                                                                                                               **May 25, 2023**

## MEMORANDUM

This is an action alleging wrongful refusal to pay a property damage claim under a policy of homeowners' insurance. The action was commenced in state court by writ of summons. Having removed the action, the Defendant carrier now contends that a technical defect in the summons rendered it void, with the result that the claim is barred by the statute of limitations. But where a plaintiff has acted in good faith and a defendant has actual notice of a claim with no discernible prejudice, such a technical defect in process is not fatal. The insurer's pending Motion to Dismiss will therefore be denied.

**I.      Relevant Background**

Plaintiffs Christopher and Elizabeth Nally allege that Defendant New Jersey Manufacturers Insurance Company ("NJM") failed to pay for property losses covered by their homeowners' policy. Plaintiffs initiated their action on January 31, 2023 by filing a praecipe for issuance of a writ of summons in Philadelphia County's Court of Common Pleas. *See* Ex. A to ECF 7. The praecipe requested the Prothonotary to issue a summons against NJM. The civil case information sheet correctly named NJM as the defendant and listed its correct address. The caption of the summons itself also correctly identified NJM as the defendant at the correct address, but the body

of the summons indicated that the document was directed "to" a different entity, "Travelers Personal Insurance Company." *Id.* The Prothonotary's Office did not take notice of the inconsistency between this entry and the praecipe, the caption of the summons itself, and the civil case information sheet, and electronically affixed its seal.

Because NJM is a not a Pennsylvania corporation, Plaintiffs properly proceeded with mail service and forwarded the civil case information sheet, praecipe, and summons to Defendant. *Id.* Two weeks later, Plaintiffs filed an affidavit of service showing mail service upon NJM. *See* Ex. B to ECF 7. The proof of service included Plaintiffs' letter to NJM, which again identified it as the defendant and stated: "Enclosed pleased find Civil Action Writ of Summons which has been filed against you in the above-referenced matter." *Id.* On February 21, 2023, NJM's counsel entered an appearance and jury demand along with a rule to file complaint, prompting Plaintiffs to file their Complaint on March 6. *See* Ex. C to ECF 7; Compl., ECF 1 at 6. The Complaint correctly named NJM as the defendant in both the caption and the body of the pleading.

## II. Discussion

NJM moves to dismiss under Fed. R. Civ. P. 12(b)(2), (b)(4), and (b)(6) for lack of personal jurisdiction, insufficient process, and for failure to state a claim. *See* ECF 7. Each of Defendant's arguments for dismissal relies on the proposition that the summons was irreparably defective because it was directed to the wrong entity, despite naming NJM in the caption. But such a technical defect is not fatal under Pennsylvania law, provided the plaintiff acted in good faith and the defendant cannot claim prejudice from lack of timely notice.

### A. Personal jurisdiction is not eroded by a technical defect in the summons.

Defendant first argues for dismissal under Rule 12(b)(2), contending that the defect in the body of the summons invalidates service and deprives this Court of personal jurisdiction. ECF 7-1 at 3. Defendant cites *Sharp v. Valley Forge Medical Center and Heart Hospital Inc.*, 221 A.2d

2

185, 187 (Pa. 1966), for the proposition that service of process is a mechanism by which a court obtains jurisdiction of a defendant and, therefore, "the rules relating to service of process must be strictly followed."[1]  *See* ECF 7-1 at 3.  But *Sharp* has been superseded.  As I previously held:

> [I]n a decision issued long after [*Sharp*], the Pennsylvania Supreme Court has "clarified the contours of a plaintiff's obligation to serve a defendant." *Washington v. Peavy*, No. 05-6386, 2006 WL 1117857, at *3 (E.D. Pa. Apr. 25, 2006), citing *McCreesh v. City of Phila.*, 888 A.2d 664, 674 (Pa. 2005). In *McCreesh*, the Supreme Court of Pennsylvania explained that cases "requiring strict compliance" – such as the case cited by [Defendant] – "hearken back to . . . draconian procedures and replace a factual good faith inquiry with an objective bright line standard of compliance that is wholly inconsistent with the concept of good faith." 888 A.2d at 674.  Rejecting this approach, the Pennsylvania Supreme Court "embrace[d] the logic of" a line of cases which "would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." *Id.* The Court held that "[n]either our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice."

*McCaffrey v. Windsor at Windermere Ltd. P'ship*, No. 17-460, 2017 WL 5483773, at *7 (E.D. Pa. Nov. 15, 2017).

Such a result finds support from the Third Circuit, which has held that a court is not deprived of personal jurisdiction by a technical defect in a summons when "the error resulted in no prejudice."  *See Wells v. Rockefeller*, 728 F.2d 209, 213 (3d Cir. 1984) (finding that a court had jurisdiction even when a summons was defective for providing an incorrect response date).  In *Wells*, the Third Circuit cited 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1088 (4th ed.) with approval, and that treatise further concludes that "[a]s long as the summons is

---

[1] It is not clear whether Defendants are raising an argument regarding service of process in addition to their arguments regarding lack of personal jurisdiction and insufficient process.  Although the concepts of process and service are often discussed in tandem because the relevant principles overlap, they are technically distinct:  process is the document issued to commence the action, while service has to do with the method of delivery.  Still, I can only identify one possible argument in Defendant's briefing regarding service, ECF 7 at ¶ 22, ECF 7-1 at 5, which I will address below in footnote three.

sufficiently accurate to provide proper notice, an amendment probably will be allowed and the error deemed harmless."

Here, the defect in Plaintiffs' summons is merely technical, and neither prejudiced NJM nor deprived it of actual notice. Although Plaintiffs named the wrong entity within the summons, the caption of the summons itself, together with the praecipe seeking its issuance and the civil case information sheet served with the summons, correctly identified NJM as the defendant and was served at a proper address. NJM can hardly claim a lack of notice when it had sufficient information to compel the filing of a complaint and then remove the action to this court. Consequently, the defect here does not provide a basis to dismiss for lack of personal jurisdiction.

### B. A technical defect in the summons also does not render process insufficient.

Defendant next asserts under Rule 12(b)(4) that the defect in the summons renders process insufficient and requires dismissal. "A rule 12(b)(4) motion challenges the adequacy of the contents of the documents served." *McCaffrey*, 2017 WL 5483773, at *8; *see Target Global Logistics Servs., Co. v. KVG*, *LLC*, No. 15-4960, 2015 WL 8014752, at *5 (E.D. Pa. Dec. 3, 2015) (Leeson, J.) ("This 'fairly rare' defense 'concerns the form of the process rather than the manner or method of its service.'"). A 12(b)(4) motion is "proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Target Global*, 2015 WL 8014752, at *5 (citations omitted); *see Ziegler v. United States*, 86 F.R.D. 703, 707 n.10 (E.D. Pa. 1980) ("A 12(b)(4) motion raises defects existing on the face of the process itself such as lack of proper signatures or misnaming of parties."). Here, because the writ of summons was not "directed to the defendant," NJM argues that Plaintiffs have not served it with adequate process. ECF 7-1 at 5.

But, similar to the reasoning above, a technical defect in a summons does not automatically render process insufficient. *See* 4A C. Wright & A. Miller, *Federal Practice and Procedure* §

4

1088 (4th ed.).  In fact, a defendant's appearance in the action can prevent any technical error from providing a basis for invalidating process.  *Id.*  And, even where a summons contains a technical inaccuracy, courts are "liberal in permitting amendments to a summons to avoid injustice," especially where the summons was "sufficiently accurate to provide proper notice."  *Id.*; *see Kornea v. J.S.D. Management, Inc.*, 336 F. Supp. 3d 505, 508 (E.D. Pa. 2018) (Rufe, J.) (refusing to dismiss where defendants were named in the caption but not the body of the summons); *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) ("Even if the summons fails to name all of the defendants, or, as in the case before us, the summons specifies the incorrect time for filing of the answer, dismissal is generally not justified absent a showing of prejudice.") (internal citations omitted); *In re Hechinger Inv. Co. of Del., Inc.*, 287 B.R. 620, 623 (Bankr. D. Del. 2002) (refusing to dismiss when a summons was not included with the documents initially served and defendant was belatedly served with an expired summons).

      Here, the summons and related documents, all of which contained NJM's name in the caption, were sufficiently clear to identify it as the party against whom the claim was asserted, and its actions in response to the suit entirely demonstrated a clear understanding on its part that it was the defendant named.  The two cases on which the defense relies to argue otherwise are distinguishable.  In both, plaintiffs named as the defendant the wrong entity entirely, both in the summons and throughout the lawsuit.  *See Rivera v. Wal-Mart Stores, Inc.*, No. 05-4416, 2005 WL 2862246, at *1-2 (E.D. Pa. Oct. 31, 2005) (Stengel, J.); *Rucker v. Marriott Int'l Inc.*, No. 03-4729, 2004 WL 32946, at *2 (E.D. Pa. Jan. 4, 2004) (Dalzell, J.).  The errors in these cases were not technical defects but substantive errors in which plaintiffs exclusively named different, related corporate entities that owed them no duty of care.  Here, Plaintiffs sued the correct entity, erring

5

only on one line of the summons. Without any showing of prejudice and without any contention that NJM is not the proper entity to be sued, Defendant's argument lacks merit.

Defendant emphasizes that "notice cannot by itself validate an otherwise defective service," citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). In *Grand Entertainment Group*, however, the Third Circuit was not addressing a technical defect in the form of the summons but rather a substantive challenge to the method of service, because the summons had not been served upon a person in charge of defendant's place of business under Pennsylvania Rule 402. *See id.* at 484-86, 492. Here, NJM has raised no challenge to the manner in which the summons was served.[2] Thus *Grand Entertainment Group* has no bearing on the issue before me.

### C. Plaintiffs' claim falls within the statute of limitations.

Finally, NJM moves to dismiss the Complaint under Rule 12(b)(6), asserting that the statute of limitations expired before NJM was served with sufficient process. Plaintiffs' insurance policy limits any action against NJM to those initiated within two years of the loss to property, which in this case expired on February 1, 2023. *See* Ex. D, ECF 7-6 at 18. Necessarily, this defense depends upon the validity of NJM's position that the error in the body of the summons rendered it void and therefore legally insufficient to meet the statute of limitations. I have already rejected that view. In Pennsylvania, an "action may be commenced by filing . . . a praecipe for a writ of summons" under Pa. R. Civ. P. 1007, and Plaintiffs here filed their praecipe on January 31, 2023, and a summons issued, albeit one with a defect, thereby meeting the statute of limitations.[3]

---

[2] NJM seems to imply that the Complaint was served improperly because it was delivered electronically. *See* ECF 7 at ¶ 22, ECF 7-1 at 5. But having included an email address when it filed its rule, Defendant consented to electronic service. *See* Pa. R. Civ. P. 440, 205.4(g).

[3] Under the literal terms of Pa. R. Civ. P. 1007, it is the praecipe for a writ of summons, and not service of the summons itself, that tolls the statute of limitations. The case law addressing the legal effect of seeking

### D. Even if the summons had been fatally defective, Plaintiffs have a window within which to perfect service.

Even if the summons were fatally defective, as NJM posits, I would still be constrained to deny the motion because Plaintiffs could still cure the alleged defect. Under 28 U.S.C. § 1448, in removed cases in which "process served proves to be defective," plaintiffs are permitted to perfect process under the governing rules, which judges in this district have construed to allow for perfection ninety days following removal. *See Umansky v. Melton Int'l Tackle, Inc.*, No. 17-4712, 2019 WL 5418050, at *9 (E.D. Pa. Oct. 23, 2019) (Slomsky, J.) ("Once a case is removed, a plaintiff may perfect service within ninety days of removal."); *Duc Long v. MTD Prods. Inc.*, No. 16-4272, 2016 WL 9774503, at *1 (E.D. Pa. Dec. 29, 2016) ("If service was defective or incomplete prior to removal to federal court, Plaintiffs have ninety days to perfect service following removal."). Recent filings reflect that Plaintiffs have undertaken steps to pursue such a course, ECF 13 & 16, and if service is perfected within the ninety-day period, this motion would be rendered moot regardless.

### III. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is denied. An appropriate order follows.

                                                         /s/ Gerald Austin McHugh
                                                         United States District Judge

---

a summons to meet the statute of limitations has principally addressed delays in accomplishing service and not defects in the summons itself. *See Gussom v. Teagle*, 247 A.3d 1046 (Pa. 2021). But the focus of those decisions has been the obligation of plaintiff to "act diligently to meet their good-faith requirement to effectuate service of process upon defendants so as not to dilute the policies underlying the statute of limitations." *Id.* at 1055-56. Applying similar principles here, Plaintiffs have done nothing "to stall in its tracks the legal machinery [they] . . . set in motion," *id.* at 1048, but have instead promptly given NJM notice of the claim and sought to cure the technical defect in issuance of process.